ULVEN, Appellant, v. STORMO et al, Respondents.

(180 N. W. 964.)

(File No. 4695.   Opinion filed January 15, 1921.)

**Malicious Prosecution—Husband, Accusing Wife of Infidelity—His Alarming Conduct—Seemed Dangerous to Physician—Charging Him With Insanity, Discharge From Custody, Whether Conspiracy to Persecute, or Malice, Ill Will.**

In a suit by a husband against his mother-in-law and other relatives, including S, a family friend, who swore out the warrant for his prosecution, to recover damages for malicious prosecution, it appearing that plaintiff, a farmer, circulated report that his wife was criminally intimate with his hired men, and among other things told his mother-in-law that his wife had committed adultery with three different hired men, he being very abusive to his wife, his general conduct in his family being alarming; that the relatives consulted S, who induced plaintiff to consult a physician, who though not pronouncing him insane declared he looked a dangerous man and that something ought to be

done; that the state's attorney, after consulting with S, drew a complaint charging plaintiff with insanity and as a subject for the insane hospital, which was sworn to by S; that after a hearing by the insanity board he was discharged; held, the evidence fails to sustain jury's finding that defendants acted maliciously or without probable cause; that plaintiff's conduct might well lead a reasonable person to believe he was a fit subject for insane hospital treatment; and there was no evidence of malice or ill will.

Appeal from Circuit Court, Hamlin County. HON. JOSEPH H. BOTTUM, Judge.

Action by Andrew Ulven, against Severt Stormo and others, to recover damages for malicious prosecution. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Daniel K. Loucks,* and *Vern G. Wohlheter,* for Appellant.

*Lindstrom & Benthin,* for Respondents.

POLLEY, P. J., In this action appellant seeks to recover damages from respondents on the charge of malicious prosecution. The complaint alleges that the four defendants conspired together to cause the arrest and detention of plaintiff on the charge of insanity. The jury returned a verdict for the defendants, and from the judgment and an order overruling his motion for a new trial plaintiff appeals.

Appellant assigns numerous alleged errors, but under the view we take of the case it will not be necessary to consider the assignments in detail. Defendant Lena Anderson is plaintiff's wife's mother, Albert Anderson is her brother, Abraham Anderson's wife is her cousin, and Severt Stormo is a friend of the family. Plaintiff and his wife were living on a farm and employing one or more hired men who were helping with the farm work. During the fall of 1915 plaintiff circulated through the neighborhood and especially to the members of his wife's family, the report that his wife was criminally intimate with his hired men. He showed considerable mental disturbance over the situation and talked about it a great deal. He repeatedly accused his wife of infidelity and told the defendant Lena Anderson that his wife had committed adultery with three different hired men. He was very abusive and insulting to his wife, but continued all the time to live with her. His general conduct and demeanor was

such as to cause some alarm among the members of the family, and several conferences as to what should be done about the matter took place. They consulted the defendant Stormo, and, acting on his suggestion, induced the plaintiff to consult a physician. This physician said that he had no right to pronounce plaintiff insane, but that he looked like a dangerous man, and that something out to be done about it. Stormo then consulted the state's attorney and recounted plaintiff's conduct to him. The result of this consultation was that the state's attorney prepared a complaint charging that plaintiff was insane and was a proper subject for treatment at the Hospital for the Insane. This complaint was signed and sworn to by Stormo. A warrant was issued, and plaintiff was taken into custody and confined several days in jail. He was given a hearing by the board of insanity and discharged. In his complaint in this action plaintiff alleges that, in making the complaint to the board of insanity, Stormo, and through him the other defendants, acted maliciously and without probable cause.

A careful examination of the record fails to disclose any evidence that would have warranted the jury in finding that the defendants acted maliciously or without probable cause. Plaintiff's conduct was such as might well lead a reasonable person to believe that he was a fit subject for treatment in the Hospital for the Insane, and certainly there is no evidence in the record to indicate that any of the defendants were actuated by malice or ill will or any other motive than the best interests of the plaintiff himself. In fact, it is so plain to us that the defendants were acting in good faith and with proper motives that we are unable to find any excuse for commencing this action in the first place and there is no merit in the appeal.

The judgment and order appealed from are affirmed.